E-FILED
Tuesday, 31 May, 2011  03:55:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

George Gutierrez

      Plaintiff,

    vs.

C/O R. McSchooler, C/O
Howarter, Lt. B. Brown,
Deputy Director/Warden
Guy D. Pierce, David A.
Lingle, C/O Josephina
Torrez-Brady, C/O Lance
R. Tinsley, Warden Joseph
V. Mathy, John Doe,
Director IL.Dept. OF
Corrections Michael P. Randle
individually and in
their official Capacities
      Defendants.

COMPLAINT

CASE NO.

## I.  JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to
redress the deprivation, under color of state law of rights secured by
the constitution of the United States. The court has jurisdiction under
28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief
pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiffs claims for

1.

injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure

2. The Central District of ILLINOIS is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because the events giving rise to this cause of action occurred at Illinois River Corr. Ctr. in Canton, Il. and Pontiac C.C. in Pontiac, IL. which is located within the Central District of Illinois.

## II. PARTIES

3. Plaintiff George Gutierrez, Register No. B-13761, is and was at all times mentioned herein a prisoner of the State of Il. in the custody of the Il. Dept. of Corrections. At the time of the events relevant hereto, Gutierrez was incarcerated at Illinois River Corr. Ctr. in Canton, Il. and Pontiac Corr. Ctr. in Pontiac, Il. He is currently incarcerated at Pinckneyville Corr. Ctr. in Pinckneyville, Il.

4. Defendant R. McSchooler is employed as a correctional officer at Il. Riv. Corr. Ctr. (I.R.C.C.) in the internal affairs office.

5. Defendant _____ Howarter (first name unknown) is employed as a correctional officer at I.R.C.C. in the internal affairs office.

6. Defendant Lt. B. Brown is employed at I.R.C.C. with the rank of Lieutenant in the internal affairs office.

2.

7.  Defendant David A. Lingle  was  employed at Pontiac C.C. during  the relevant times herein as (Job Title unKnown) also serving as Adjustment Committee Chairperson.

8.  Defendant Josephina Torrez-Brady was employed as a Correctional officer at Pontiac C.C. during the relevant times herein also serving as an Adjustment Committee member.

9. Defendant Lance R. Tinsley was employed as a Correctional officer at Pontiac C.C. during the relevant times herein. Also serving as an adjustment Committee member.

10.  Defendant Warden Joseph v. Mathy was the Acting Warden of Pontiac C.C. during a portion of the relevant times herein. He was responsible for its day to day operations and executing its policies.

11.  Defendant Warden  Guy D. Pierce  was the Warden of Pontiac C.C. during a portion of the relevant times herein. He was responsible for its day to day operations and executing its policies.
        Defendant Pierce also held the position of Deputy Director for the _____ region of the State of Il., Dept. of Corrections during a portion of the relevant times herein. He was legally responsible for _____ _____ of each Institution in that jurisdiction including I.R.C.C.

12.  Defendant John Doe was employed at Pontiac C.C. as (Job Title unKnown). During the relevant times herein. Also serving as Grievance Officer.

13.  Defendant Michael P. Randle was the Director of the Il. Dept. of Corr's. During the relevant times herein. He is legally responsible for the overall operation of the Dept. and each institution under its jurisdiction, including I.R.C.C. and Pontiac C.C.

## III  LITIGATION HISTORY

14.  Plaintiff has not filed any other lawsuits in state or federal Court dealing with the same facts involved in this action. Nor has plaintiff caused any other lawsuits to be filed while incarcerated.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.  Plaintiff caused to be filed, a grievance on or around 7-5-09, at the institutional level in Pontiac C.C. to attempt to remedy the situation. As of the date of filing Section 1983, Plaintiff has not received a decision on said grievance. An approximately 23 month wait. Rendering Administrative remedies unavailable. Plaintiff has effectively exhausted available Administrative Remedies.

## V.  STATEMENT OF CLAIM

16.  At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under the Color of State law to deprive plaintiff of his constitutional Rights. As set forth more fully below.

17.  "Each defendant is sued individually and in his/her capacity.

4.

# VI. STATEMENT OF FACTS

18. On 5-30-09, at approximately 8:00 A.M. The institution I.R.C.C. was placed on Level One lockdown. Per then Deputy Director Pierce As three (3) pieces of metal were found inside a cloth glove on a table in Housing Unit (H.U.) #3, A-wing Laundry Room By a C/O Parker.

19. H.U.3 Consists of 4 wings referred to as A, B, C and D wings. Situated in an X-fashion with the officers Control in the Center. So as to be able to observe each wing.

20. Each wing has its own laundry room in front of wing.

21. Plaintiff Gutierrez resided in H.U.3 - B-wing Cell 25 (3B25)

22. Interviews were conducted of all inmates on A-wing (Approx. 110 Inmates). With according to MeSchooler, No pertinent info. gained. On 6-1-09, I/A then began questioning inmates on B-wing. Focusing on one specifically: plaintiffs Cellmate Keith Johns, Cell 3B25. Suspecting him of repairing electronics. And upon information and belief, stating, "We hear you're the one everyone goes to if they need any electronics repaired." Inquiring as to did he make or have any Knowledge of "homemade screwdrivers". And did he Know of any one that did. Or of any one that repaired electronics.

23. Further on 6-1-09, I/A then began questioning inmates at random on B-wing. Upon inmates return they could be heard

5.

stating, I/A is looking for "anybody that repairs electronics."

24. ¯ On 6-2-09, at approximately 8:00 A.M. The Tactical Team with full riot gear: shields, sticks, etc., arrived at plaintiffs Cell and walked him and his cellmate to segregation (seg.).

25. Upon our arrival we learned approx. le other inmates were also placed there. For 8 total - Expressing their worries and fears. stating they were told they were going to be transferred to Pontiac with 1 yr. seg., loss of good time, and a new case. Most of whom were approx. one year or less to their outdate.

26. On. afternoon of 6-2-09, plaintiff was interviewed by Defendants' c/o Howarter and c/o MeSchooler. They accused me of repairing electronics stating, "we hear your the inmate everyone goes to if they need any electronics repaired." The Same statement allegedly used on Inmate Johns. I denied repairing electronics. They then asked me if I knew anything about homemade screwdrivers, and have I made any lately. - denied.

27. Defendants then showed me the 3 metal pieces. Stating they came from and were fabricated in the automotive class. Which I was assigned to. That the 9 inch metal tube had been smashed flat by a vise. Specific vise used was one that was located in the work area of the jeep and no other as that vise had a protruding Bolt-head which left a specific pattern on it.

6.

28.   Defendant Meschooler then asked me, "what happened to using smaller tools, don't you guys use clips off ink pens." I made a general stmt. saying, "Inmates have been known to do that." For which I was misquoted in I.D.R.

29.   Defendant Howarter stated, "some people say you fix electronics and somebody is going down for this." With an accusatory demeanor, tone of voice and facial expression.

30.   Def. Howarter stated, "we can handle this in one of two ways: one, if you tell me you made them or "maybe" somebody put in an order for them, or they belong to the guys in auto off of A-wing. We can write it up as just tools or two, we can write them up as 'shanks'. And you know what happens after that."

31.   Plaintiff stated, "I don't even live on A-wing, why are you focusing on me?" Def. Howarter responded with, "you don't have to, we also have this, and showed me a "small" piece of metal (approx. 1 inch in length). Stating it was found in Automotive and made from an oil dipstick.

32.   Def's. did not mention anything about a locker or two folders with my name on them at this time. Nor did small metal piece appear to have been made from an oil dipstick. As mentioned in I.D.R.

33.   I stated that doesn't prove anything, you could have found

7.

that anywhere.

34.    The next morning 6-3-09, Approx 8:00 AM. I was taken out of my Seg. Cell, placed in a prison van and transported from I.R.C.C. (med. security) to Pontiac (max. security) as a sole Seg. to Seg. transfer. Without a hearing and without being told where or why.

35.    Upon info. and belief, no other inmate suspected, was charged with this offense or transferred to A max. Seg. I was sole inmate.

36.    On 6-3-09, upon my arrival at Pontiac c.c. at approx. 10:30 A.M. I was placed in a Seg. cell and still not given any type of information as to why I was transferred there. From 6-3 to 6-11-09, I was not interviewed nor informed of any investigative or disciplinary procedures pending.

37.    On 6-11-09, 10 days after placement in temporary confinement at approx. 6:30 P.M. I received an Inmate Disciplinary Report. Which was dated written 6-3-09, at 12:00 P.M. (approx. 3½ hrs. after my transfer) by Def. McSchooler for two offenses: DR 504:104 Dangerous Contraband and 303 giving False Information to An Employee. Observation Date: 5-31-09.

38.    I.D.R. not served within 8 days of discovery of offense. And there was no review of I.D.R. For 10 days.

39.    Def. McSchooler issued a false Disciplinary Report.

8.

40.  Upon info. and belief, false report was motivated out of: (a) the need to hold someone responsible. (b) Retaliation - I chose not to become an informant (c) Retaliation - Claimed 3 other investigations and (d) my past record in general.

41.  Items found on A-wing. I resided on B-wing. I.D.R. does not show a connection between myself and A-wing. In I.D.R., Defendants never "directly" accuse me of possessing the 3 metal pieces.

42.  Def. attempts to place a witness for each individual piece to substantiate his claim. - According to I.D.R. -

43.  C.I. #1, "positively" identifies one (1) piece of metal (unthreaded) as being one that he observed plaintiff Gutierrez take out of a black folder "back in Jan. 2009". (5 mts. prior). Also stated, "I was the inmate everyone goes to if you need any electronics repaired". There is no corroboration of this C.I's hearsay statement as Def. states.

44.  C.I. #2, "positively" identifies the (2nd) piece of metal (threaded) found, as being the one that he observed in my hand "2 months ago" in the automotive Class. There is no corroboration of this C.I's Hearsay statement as Def. States.

45.  Def. Meschooler attempts to connect me to the (3rd) piece of metal tube by stating it was fashioned from a specific vise in auto and a "number of sources" corroborated that I was commonly seen in area.

Not sufficient. Whats more, there are approximately 6 vises in shop. They could have referred to me being in an area of any one and gotten a positive response.

46. Def. states I had reputation of repairing electronics. Only C.I. #1 states I fixed electronics. No Corroboration.

47. Def. McSchooler states that on 6-1-09, Def. Howarter confiscated from a "locker" in the auto class, a small piece of metal that was made from an oil dipstick and 2 folders with Plaintiff Gutierrez' name on them. During interview of 6-2-09, there was no mention of a locker or folders.

48. I.O.R. also states, when Plaintiff was asked about small metal piece, I admitted it was mine. That I made it from dipstick and used it to fix walkman radios. Plaintiff did not admit any of that.

49. Def's fabricated finding folders and metal piece in a locker I can not access.

50. There are 3 lockers in auto that sit a few feet from the Instructors office. that are for staff use only that I never saw open during class hours. Secured by a lock accessed by key which inmates could not possess. (I requested my Instructor Steve Hedge as a witness to verify this during Adjustment cmte. hearing.- was denied).

51. As to offense 303-Giving false info. to Employee, Def. McSchooler

10.

fails to state what false info. I gave.

52.   Defendant Lieutenant B. Brown, Internal Affairs Investigator created a policy or custom that allowed the issuance of false Disciplinary reports. As the immediate supervisor of Def's McSchooler and Howarter he had duty to be closely involved with investigation. He allowed Def's to wrongly accuse, allowed the use of false evidence and uncorroborated confidential informants.

53.   On 6-15-09, first adj. cmte. hearing I was granted a continuance to 6-22-09, to work on a written defense.

54.   On 6-22-09, Defendants David A. Lingle Chairperson and c/o Josephina Torrez-Brady presided over the 2 member adjustment cmte. heard  I.D.R. and adjudged plaintiff guilty. Disciplinary action taken: 1 yr. Seg., 1 yr. C-grade, 1 yr. Good Conduct Credits. Recommended and final as signed by Acting Warden Joseph V. Mathy (CAO) on 6-24-09. Which plaintiff completed. Was released from seg. on 6-2-10.

55.   At hearing 6-22-09, I submitted 15 pages of documents as part of requests and stmt. Which included: I.D.R. Moot · not served timely, Req. for Continuance to obtain relevant evidence, witnesses and written defense.

56.   I was not given a fair hearing. Def. Cmte. did not consider or rule on very relevant requests or written stmt. They skimmed over a few

pages and stated they did not have time to read them now as they had other
I.O.R.'s to hear and that they would read and consider them afterward.
Which ended hearing.

57. According to final summary rep., they still did not read them or
they would have considered a very relevant "req. to obtain relevant evidence".
Cmte. makes no mention of this request. No evidence was submitted to Adj.
Cmte. other than pictures of 3 metal pieces.

58. Def's denied request for continuance to call witnesses as not
submitted timely. In 2nd summary, Def's state that I stated in my
written report that, I have a valid reason for not submitting list at orig.
hearing nor through institutional mail, "although I never indicated what
that reason is." Had cmte. continued reading, my very next sentence after,
"I have a valid reason for not doing so" is, "and am including an affidavit
(No.1) with this request stating such. Also attaching Ex. A. Legal Supply Req.
in support of reason." He would have known that yes, I did state reason.
Good cause was shown.

59. On Affidavit dated June 21, 2009 I explained that the segregation
issued ink pens I had, stopped working. I had to rely on security staff
for a new one which I could not get, so I was unable to submit my
request. I named two corr. officers who could have verified this.

60. Def. cmte. states, all time frames in accordance with DR 504
were followed. (cited dates). In response to my claim that IDR was not

12.

Served timely. According to DR 504 that Def. references, they were not followed. I.D.R. Served 10 days after plaintiff placed in Seg., 13 days after discovery of offense, and heard originally 17 days after discovery. More than the 8 and 14 day timeframes.

61.  As for Cmte's Basis for Decision on guilty finding, one reason is, "The institution being placed on level 1 lockdown.

62.  On same Basis, Cmte. basically recites I.D.R. verbatim. Making no mention of looking into or considering my defense refuting every single allegation. Not even minimally as required.

63.  Cmte. states C.I.'s are proven to be reliable based on the corroboration of their individual stmts. I.D.R. Shows they do not. Which I referred to in my written defense.

64.  As to offense 303 Giving false information to an employee, Cmte. does not state what false information they are finding me guilty for.

65.  On 7-2-09, I received my 2nd final Summ. Rep. from hearing of 6-22-09. It was signed and dated 6-22-09, by Def's Chairperson David A. Lingle and C/o Lance R. Tinsley an individual who did not preside on Adj. Cmte. at this hearing, this day. Def. C/o Torrez-Brady's signature was not affixed to 2nd final Summary for proceeding for which she presided.

66.  Defendant C/o Lance R. Tinsley made decision along with Adj. Cmte.

Chairperson David A Lingle, or decision was made by Def. Lingle only.

67.  On 7-5-09, plaintiff filed a grievance with the grievance office concerning all of above mentioned issues.

68.  On 9-7-09, plaintiff received a 3rd final Summary Report from the Adj. Cmte. dated rewritten 8-24-09, on Record of proceedings it states, "This summary is being rewritten per grievance # 049999 to correct a clerical error that was made in the Adj. Cmte. Summary.

69.  Change made: signature of Def. C/O Lance R. Tinsley was replaced by signature of Def. C/O Torrez-Brady (8-24-09) signed approved by Warden Guy D. Pierce (8-26-09). This was no clerical error.

70.  (Date unknown), Def. Grievance officer John Doe, exceeded authority in remanding summary back to Adj. Cmte. to be corrected, rather than granting Plaintiff relief.

71.  As of the date of filing (Section 1983) Def. Grievance officer John Doe has not rendered a decision on said grievance. As plaintiff has not received 1 a copy of said decision.

72.  Def. Warden Guy D. Pierce has not issued Plaintiff a final Decision on grievance within 2 months. Nor at all.

14.

73.   During year in Seg. Plaintiff attempted to get a disposition on grievance in that I sent requests to the grievance office on 3 occasions & written and verbal requests to several Counselors, for them to inquire - Received no response from Counselors.

74.   Upon info. and belief, Def. Grievance Officer John Doe deliberately failed to render a Decision to Plaintiff to allow time limits, to file and/or appeal, to expire, so as to mask the errors and intentional wrongdoing of the many prison officials. Def. grievance officer had duty to grant Plaintiff relief if such relief was warranted.

75.   Defendant Acting Warden Joseph V. Mathy (Pon.) was acting Warden during part of proceedings. Who had duty to ensure his subordinates were following procedures pertaining to Discipline and Review of I.D.R's upon an inmates transfer to Pontiac Seg. from another institution. Also that I.D.R. accompanied inmate. Same as would Medical Records. Def. Mathy knew procedures were not followed when he reviewed I.D.R and 2nd Summary and affixed his signature to it as final. Mathy was also on notice when Plaintiff filed Emergency Grievance to Mathy on some issues on 6-30-09, and failed to remedy situation.

76.   Defendant Deputy Director Guy D. Pierce, had duty and interest to oversee investigation at I.R.C.C. as he was made aware of contraband found. And ordered institution on lockdown. And dispatched an intel team from various institutions throughout the

State. Def. failed to adequately Supervise and allowed wrong to occur.


77.   Defendant Warden Guy D. Pierce (Pon.) was warden during part of procedures. He failed to ensure that all procedures were being followed concerning Discipline, according to the statutes and Administrative Directives. by his subordinates. upon his appointment to Pontiac as Warden. When Def. Signed 3rd final Summary he was aware of situation as he had duty to review all adj. cmte. dispositions. Def. also had prior Knowledge of incident from his previous position as Deputy Director. (immediately preceding position as warden).


78.  Defendant Director Michael P. Randle, during relevant times herein he was serving as Director of I.D.O.C. He was legally responsible for the overall operation of the Dept. and each institution under its jurisdiction. He had duty to appoint properly trained Supervisory officials at relevant institutions. Duty to supervise his subordinates, Duty to review Adj. Cmte dispositions when Good Conduct Credits are recommended to be revoked. Had duty to review Prison Review Boards disposition. as Prison Review Board recommended Good Conduct credits be revoked. Even after P.R.B. Was made aware of violation of plaintiffs procedural Due Process rights by Plaintiff. Director revoked 6 months on 12-22-09. Plaintiff does not seek review or relief for loss of G.C.C.


79.   As Director along with his subordinates he created a widespread policy or custom to disregard the rules, State statutes,

Administrative Directives and procedures pertaining to disciplinary action taken on inmates at will. Which goes unpunished. As is evidenced from the number of officials' blatant disregard to Plaintiffs due process rights from beginning to end of discip. process. And is continuing today as long as plaintiff has not received a decision on grievance.

## COUNT I.

Due process violation. False disciplinary rep. issued.

80.  Plaintiff realleges and incorporates by reference para. 1-79.

81.  Defendants c/o McSchooler and c/o Howarter's issuance of a false discip. rep. violated plaintiffs rights and constituted a due process violation under the 14th Amend. of the U.S. Constitution.

82.  Def's did so without any direct evid., using circumstantial evidence that could have fit any number of inmates, use of uncorroborated and unreliable hearsay stmts. from C.I.?, and because plaintiff was not able to give them the words they wanted to hear and past background.

83.  As a result of rep. Def's, set the wheels in motion for plaintiffs due process rights to be continually violated throughout the rest of discip. process. Was a direct cause of plaintiff being placed in Pontiac seg. under harsher living conditions

17.

84.  As a result, rather than Plaintiff moving forward in furtherance of striving to become a productive member of society upon eventual release plaintiff was taken back. Defs. actions were unnecessary and unreasonable as they do no more than to breed hate and contempt.

85.  Plaintiff had a right not to be issued false rep. that led to confinement in segregation for a long period of time. Taken from a positive atmosphere into a hostile one. As Plaintiff had the right to be rehabilitated by way of right to rehabilitate himself. And through any Educational opportunities and programs created by state statute.

WHEREFORE, Plaintiff seeks compensatory damages Against C/o McSchooler and Howarter. for the loss of privileges, the loss of the limited liberty enjoyed by prisoners, the loss of the visit by immediate family members that made a 1₂ hour drive both ways for naught to I.R.C.C. because of plaintiffs transfer and segregated confinement..

Plaintiff also seeks Punitive Damages against C/o McSchooler and Howarter for their wilful and malicious conduct in writing false discip. rep. resulting from evil motives.

# COUNT II.

## Due process violation · fair Hearing

86. Plaintiff realleges and incorporates by reference para. 1-85

87. Defendants David A. Lingle, C/o Josephina Torrez-Brady, and C/o Lance R. Tinsley gave Plaintiff an unfair and impartial hearing. which violated Plaintiff's rights and constituted a due process violation under the 14th Amend. to the U.S. Constitution.

88. Defendant C/o Lance R. Tinsley was not a part of 2 member Adjustment cmte. though his signature was affixed to final summary.

89. Defendant C/o Josephina Torrez-Brady was present though she did not sign final summary

90. Defendants failed to consider even most basic, reasonable, nondisruptive requests. Plaintiff thereby effectively denied opportunity to marshal facts for defense.

91. Procedural due process rights violated refused to call witnesses without justifiable cause, didn't consider documentary evidence from plaintiff, did not consider evidence request.

92. Relied on Insufficient and Hearsay stmts. by Confidential Informants. uncorroborated and unreliable.

93. No direct evidence linking Plaintiff, circumstantial unreliable as could fit anyone in Auto class or A-wing.

94. Wrongfully found guilty

95. IL Dept. Rules provide plaintiff with the Liberty interest to be free from Seg.

96. As a result of Defendants actions, Plaintiff was sentenced to 1yr. Seg. which he completed, was subjected to harsher living conditions, was deprived of liberty interest to be free from seg. deprived of rights and privileges afforded to inmates in general population. Denied Right to Rehabilitate myself through educational opportunities and programs created by State Statutes,

Wherefore Plaintiff seeks Compensatory and Punitive Damages against Defendants David A. Lingle, Lance R. Tinsley, and Josephina Torrez-Brady.

## COUNT III
Due Process Viol. · Right to Review of DISCIP. Rep.

97. Plaintiff realleges and incorporate by reference para 1-96

98. Defendant John Doe · Grievance officer, refusal to render a decision violates Plaintiffs rights and constitutes a due process violation under the 14th Amend of the U.S. Constitution.

20.

99. Defendant John Doe remanded 3rd Summary back to the Adjustment cmte. for Correction, Exceeded Authority in violation of 20 IL. Admin. Code 504.90(c). not within purview.

100. Def. failed to render a decision upon review of Plaintiffs Grievance in Accordance with 730 ILCS 5/3-8-8. To this day grievance remains in uncertainty. Grievance officer willfully and maliciously allowed plaintiff to remain in Segregation wrongfully for one year under harsh conditions.

101. Def. deliberately failed to render decision after remanding Summary to Adj. cmte for Correction to mask the errors and intentional wrongdoing of the various officials involved.

102. As a result of Def's actions Plaintiff was denied right to review by State Created Statute, deprived of Liberty interest to remain free from Segregation, deprived of the rights and privileges as those in general population, and prevented plaintiff from exercising his right to appeal to the Director.

WHEREFORE Plaintiff Seeks Compensatory and Punitive Damages against Defendant John Doe grievance officer for his willful and malicious actions and inaction.

## COUNT IV.

### Breach of Duty - Failure to Remedy, Failure to Supv.

103. Plaintiff realleges and incorporates by reference par. 1-102.

104. Defendants, Lieutenant B. Brown, Deputy Director/ Warden Guy D. Pierce, Warden Joseph V. Mathy and Director Michael P. Randle failed to supervise subordinates and failed to remedy wrongs once aware of them, violated plaintiffs rights and constituted a due process violation under the 14th. Amend. of the U.S. Constitution.

105. Petitioner had liberty interest to remain free from Seg., right not to receive a false discip. rep., right to a fair and impartial hearing and to a review of discip. proceedings.

106. Defendants had duty to supervise their subordinates to ensure they were operating according to protocol. And to remedy wrongful act once they learned of it. Petitioner was harmed not only by subordinates every step of the Discip. process, but by these very supervisors every time they concurred with a recommendation. Not only are they allowing but they are encouraging to the point that it becomes a widespread custom or policy.

107. As a result of these wrongful actions Defendants

Have injured Plaintiff by not allowing him minimal procedural
due process protections and the expectancy not to be falsely
accused and placed in seg. at the whim of any Prison
official.

108. Petitioner was injured when he was taken from a
positive atmosphere and placed in a seg cell for a year
under very restrictive conditions.

109. Petitioners rights are important, to hold otherwise
is to not allow him to rehabilitate and correct himself.
Which is contrary to the Illinois Dept. of Corrections
Mission statement.

Wherefore Plaintiff seeks compensatory and punitive
damages against Defendants.

## COUNT Ⅴ.
### Retaliatory treatment

110. Defendants c/o McSchooler and c/o Howarter
retaliated against plaintiff by filing false disciplinary
charges against him as he would not become an informant
for their investigation concerning the 3 metal pieces and
they claim Plaintiff was under investigation for other
incidents in the past and it seems plaintiff got away

with all that. Upon Plaintiffs interview with Def's C/O McSchooler and C/O Howarter on 6-2-09, Plaintiff, at all times was under the impression that interview was just a formality and defendants were just seeking information. Not wanting to be a part of it, Plaintiff frankly but respectfully explained his position: that he has been incarcerated for a long time and been through this many times and knows how the game goes i.e., the accusations, threats of seg, having informants, wanting me to inform along with threats of impeding an investigation for not complying. I merely wished to forego the formalities and told them if its info. they seek or just wanting me to blame anyone, I cannot do so. So can we skip the formalities. And I understand you have to do what you have to do. But I have to do what I have to do. Which was staying out of other peoples affairs and that I was not into bringing any one down. I just wished to continue on the path that I was on which was not causing any trouble and educating myself so as to restore myself to useful citizenship upon my eventual release to society. At no time was plaintiff belligerant hostile or challenging. Just honest.

111. Defendants appeared to understand my position to an extent. Though it was undermining their way of operating. As evidenced, I was transferred the next day

112. As A result of defendants actions, Plaintiff :

24.

was injured in that they took away his right to
rehabilitate himself. Their actions were unnecessary
and unreasonable as that only breeds hate and
contempt and is not a measure in restoring me to
useful citizenship.

113. Plaintiff had a right not to be retaliated against.

Wherefore Plaintiff seeks punitive damages against
defendants C/o McSchooler and C/o Howarter. for their
willful and malicious conduct in retaliating against me.

114. The plaintiff has no plain, adequate or complete
remedy at law to redress the wrongs described herein.
Plaintiff has been and will continue to be irreparably
injured by the conduct of the defendants unless this
court grants the declaratory and injunctive relief which
plaintiff seeks.

## PRAYER FOR RELIEF

Wherefore plaintiff respectfully prays that this court enter
judgment granting plaintiffs:

115. A declaration that the acts and omissions described
herein violated Plaintiff's rights under the Constitution

and laws of the United States.

116. A preliminary and permanent injunction ordering defendants Director Jim Doe to stop the widespread policy or custom of willfully & maliciously writing false Discip. Reps. and placing inmates in segregation to merely satisfy and close an investigation and retaliatory reasons. Knowingly relying on unfounded and fabricated evidence.

117. To Hold a hearing by someone other than the investigative officer to determine if charges warrant immediate transfer.

118. To institute a procedure whereas when an inmate is in temporary confinement and removed from one institution and placed in another for disciplinary reasons, an I.D.R. is written and delivered with said inmate in the same manner as would inmates medical record and any other pertinent document so as to afford same procedural due process rights in discip. process as non-transferred segregated inmate. So the Review process could begin within timeframes in accordance with Administrative Directives and 20 Ill. Admin. Code 504.30 (f), 504.40, 504.50, & 504.60.

119. A jury trial on all issues triable by jury

120.  Plaintiffs Costs in this suit.

121.  Any additional relief this Court deems just, proper, and equitable.

Dated: 05/31/11
Respectfully submitted,
*George Gutierrez*
George Gutierrez #B13761
Pinckneyville Correctional Center
P.O. Box 999
Pinckneyville, Il. 62274

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Pinckneyville, Il. on 5/31/11

*George Gutierrez*
George Gutierrez

27.